UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-123-KAC-JEM |
| | ) | |
| ANTHONY JERMAINE GEORGE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Anthony Jermaine George's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 23], which he filed on January 13, 2026.

Defendant requests the Court to continue the plea deadline, set for January 13, 2026, and the trial, set for February 10, 2026 [*Id.* at 1]. In support of the motion, Defendant states that around October 23, 2025, he was removed from federal custody to state custody via a *writ ad prosequendum* [*Id.* ¶ 2]. Defendant was subsequently held, and continues to remain, in state custody in Hamilton County, Tennessee, where he faces two counts of facilitation of murder [*Id.*]. Defendant's next court date in that matter is scheduled for March 10, 2026 [*Id.*]. Defendant's counsel has had limited contact with him since Defendant was transferred to state custody [*Id.*]. Defendant submits that based on the magnitude of this development, his counsel needs additional time to meet with Defendant regarding this case and to properly determine a course of action that attempts to navigate these additional state charges [*Id.*]. Further, Defendant faces other state charges, which are related to this case [*Id.* ¶ 3]. Defendant submits that the parties continue to work toward a global resolution, but the new state charges from Hamilton County have complicated that

process even more [*Id.*]. He contends that additional time is needed to potentially negotiate a global resolution on related cases and now, unrelated cases since Defendant faces a significant amount of imprisonment on all three pending matters [*Id.*].

In the event that a global resolution does not come to fruition, Defendant submits that additional time is needed to prepare for trial [*Id.* ¶ 4]. Defendant represents that the discovery in this case is voluminous and consists of more than 150 gigabytes of surveillance video, body/dash video, and witness interviews [*Id.*]. Defendant's counsel needs additional time to continue to review discovery and to further consult with Defendant [*Id.*]. Defendant's counsel has been unable to meet with him in person since he was removed from federal custody in October 2025 [*Id.* ¶ 5]. Given the nature of the case, the ongoing investigation, and the need to discuss an alternative to trial with Defendant, Defendant's counsel does not believe he can adequately prepare or effectively represent Defendant within the currently scheduled deadlines and trial dates [*Id.*].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant's counsel needs more time to review discovery, consult with Defendant, continue plea discussions, and if those are not fruitful, otherwise prepare for trial. Further, Defendant is facing additional charges in state court. *See id.* § 3161(h)(1)(B). The Court finds that all of this cannot occur before the February 10, 2026 trial date.

The Court therefore **GRANTS** Defendant Anthony Jermaine George's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 23**]. The trial of this case is reset to **June 23, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on January 13, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(B), (h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Anthony Jermaine George's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 23**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 23, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 13, 2026**, and the new trial date of **June 23, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 22, 2026**;

(5) the deadline for filing motions *in limine* is **June 8, 2026**, and responses to motions *in limine* are due on or before **June 16**, **2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 9, 2026, at 11:30 a.m.,** and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 12, 2026.**

3

**IT IS SO ORDERED.**

ENTER:

/s/ Jill E. McCook
Jill E. McCook
United States Magistrate Judge