UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,  )
            )
    Plaintiff,    )
v.           )    No. 3:24-CR-123-KAC-JEM
            )
ANTHONY JERMAINE GEORGE,  )
            )
    Defendant.   )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Anthony George's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 26], which he filed on May 21, 2026.

Defendant asks the Court to continue the June 23, 2026 trial date and the plea deadline [*Id.* at 1]. In support of his motion, Defendant states that on October 24, 2025, he was removed from federal custody to state custody via a *writ ad prosequendum*, and he has since been held in Hamilton County, Tennessee, where he faces two counts for facilitation of murder [*Id.* ¶ 2]. Defendant represents that his next date in state court is June 15, 2026 [*Id.*]. Defendant's counsel has had limited contact with him since he was transferred to state custody, and many of the attempts to set up visits with Defendant have been "derailed by jail staff for various reasons" [*Id.*]. Defendant's counsel has been able to meet with Defendant only twice since he has been in state custody [*Id.*]. Defendant's counsel submits that he needs additional time to meet with Defendant regarding this matter and to properly determine a course of action that navigates the additional state charges [*Id.*]. Defendant explains he also faces other state charges, related to this instant case,

and that the parties continue to work toward a global resolution of all charges [*Id.* ¶ 3]. Defendant argues that additional time is needed to potentially negotiate a global resolution on all cases since Defendant faces a significant amount of imprisonment on all three pending matters [*Id.*]. Defendant further notes that the original prosecutor assigned to the case is no longer with the U.S. Attorney's Office, and that a new prosecutor has been assigned but additional time would allow her to be brought up to speed and continue to foster a potential resolution to this complex case [*Id.*]. Finally, in the event a global resolution does not come to fruition, Defendant needs the additional time to prepare for trial, as the discovery in this case is voluminous and consists of more than 150 gigabytes of surveillance video, body/dash video, and witness interviews [*Id.* ¶ 4]. Defendant's counsel needs additional time to continue reviewing the discovery and for further consultation with Defendant [*Id.*]. Defendant represents he was advised of his rights under the Speedy Trial Act and that he understands the purpose and effect of the continuance [*Id.* ¶ 7]. The Government does not object to the requested relief [*Id.* ¶ 8].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, even accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs more time to review discovery, consult with his attorney, negotiate a plea agreement, and otherwise prepare for trial. The Court finds that all of this cannot

occur before the June 23, 2026 trial date. *See also* 18 U.S.C. § 3161(h)(1)(B) (excluding time for "delay resulting from trial with respect to other charges against the defendant").

The Court therefore **GRANTS** Defendant Anthony George's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 26**]. The trial of this case is reset to **November 17, 2026**. A new schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the motion on May 21, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Anthony George's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 26**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **November 17, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motions on **May 21, 2026**, and the new trial date of **November 17, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 16, 2026**;

(5) the deadline for filing motions *in limine* is **November 2, 2026**, and responses to motions *in limine* are due on or before **November 10, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **November 3, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 6, 2026.**

3

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

4